IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-00731-PSF-BNB

CLINTON TEAGUE,

Plaintiff,

v.

UNITED STATES GOVERNMENT,
J. JOHNSON,
R. HOOD, Warden,
D. DUNCAN, Associate Warden,
P. LEE,
P. SHAFFER, and
L. SMITH,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on **Defendants' Motion to Dismiss** (the "Motion"), filed September 15, 2004. For the following reasons I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint be DISMISSED in its entirety.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of

Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

The plaintiff filed his Prisoner Complaint (the "Complaint") on April 14, 2004.  At all times pertinent to the allegations of the Complaint, the plaintiff was incarcerated at the United States Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado.  The Complaint names seven defendants in their individual and official capacities.[1]  The Complaint asserts the following seven claims pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971):

Claim One is asserted against the "U.S. Government."[2]  Claim One alleges that the United States Government "was notified of all alleagtions [sic] of Correctional Officer Jeff Johnson['s] wrong doings" and "was aware of the possibility of retaliation from officers and officials" and "did nothing to prevent or stop it!"

Claim Two is asserted against Jeff Johnson, a Correctional Officer at ADX.  Claim Two alleges that on December 11, 2000, Johnson strip-searched the plaintiff, handcuffed him then physically assaulted him.  "To cover up for his wrong doings, Officer Jeff Johnson wrote a false incident report" accusing the plaintiff of assaulting staff.  The plaintiff was later cleared of the false charge.  However, prison staff have assaulted the plaintiff and denied him medical care in retaliation for allegedly assaulting staff.

---

[1] The Complaint initially named nine defendants.  Defendants Hugeston and Walters were dismissed from this case on December 28, 2004.  *Order of Dismissal of Defendants Hugeston and Walters dated December 28, 2004*.  Because Claims Five and Eight were brought solely against Hugeston and Walters, respectively, these claims are no longer at issue.

[2] The Complaint names "U.S. Government" as a defendant in its caption.  Under the section entitled "Parties," the Complaint lists "U.S. Government, Director, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534."  The text of Claim One repeatedly refers to the defendant as the "U.S. Government."  I construe Claim One to be asserted against the United States of America.

3

Claims Three and Claim Four are brought against Warden Hood and Associate Warden Duncan, respectively. These claims allege that Hood and Duncan failed to supervise the officers at ADX, thereby allowing the retaliation to occur. They were aware of the continuing retaliation against the plaintiff, yet did nothing to stop it.

Claim Six alleges that on May 23, 2003, defendant Lee, an Officer at ADX, placed the plaintiff in handcuffs. The handcuffs cut and bruised the plaintiff's left hand. While escorting the plaintiff, Lee pulled up on the handcuffs so hard, "[t]o ease the pain as Teague walked, Teague walked on the tips of his toes!" Lee's actions were taken in retaliation for a civil action the plaintiff filed in February 2002, and in retaliation for the incident report Johnson issued in December 2000. Prior to the assault, Lee wrote a false incident report against the plaintiff. The incident report was issued as yet "another form of retaliation."

Claim Seven alleges that Correctional Officer Shaffer was informed that defendant Lee injured the plaintiff, but did not notify the health services department as requested by the plaintiff. Further, Lee denied the plaintiff's request to be examined by the health services department.

Claim Nine is asserted against L. Smith, a Special Investigative Agent at ADX. Claim Nine alleges that Smith failed to supervise the officers at ADX, thereby allowing the retaliation to occur. He was made aware of the retaliation against the plaintiff, yet failed to prevent it. He denied medical treatment to the plaintiff after the plaintiff was allegedly assaulted by defendant Lee, and he failed to make a record of the injuries.

Claims One through Nine allege violation of the plaintiff's Eighth Amendment rights

"and all other constitutional violations that fit this complaint."[3]  The plaintiff seeks compensatory and punitive damages, pre- and post-judgment interest, and costs.

### III.  ANALYSIS

#### A.  Sovereign Immunity

The defendants assert that sovereign immunity bars the plaintiff's claims against the United States and against the individual defendants in their official capacities.  It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  "Sovereign immunity protects the United States against judgments that would require an expenditure from public funds, that interfere with public administration or that would restrain the Government from acting, or to compel it to act." (quotations and citations omitted).  Hensel v. Office of the Chief Administrative Hearing Officer, 38 F.3d 505, 509 (10th Cir. 1994).  Sovereign immunity is a jurisdictional bar to suit.  Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994). Bivens does not waive sovereign immunity.  Meyer, 510 U.S. at 484-86; Bivens, 403 U.S. at 410.

In addition, suits against officers in their official capacities are suits against the entity of which an officer is an agent.  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  Defendants

---

[3]To the extent the plaintiff attempts to bring claims other than those I have identified, those claims are unintelligible and will not be recognized.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

Johnson, Hood, Duncan, Lee, Shaffer, and Smith are agents of the BOP. Therefore, suits against them in their official capacities are suits against the BOP, which is a federal agency. Sovereign immunity shields the Federal Government and its agencies from suit. Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999).

Claim One (against the United States) and the claims against the individual defendants in their official capacities are barred by sovereign immunity. I respectfully RECOMMEND that the Motion to Dismiss be GRANTED insofar as it seeks dismissal with prejudice of Claim One and the claims against the individual defendants in their official capacities.

### B.  Exhaustion of Administrative Remedies

The defendants assert that the plaintiff is barred from bringing the remaining claims against the defendants in their individual capacities because he has failed to exhaust his administrative remedies. Because the plaintiff's claims challenge prison conditions, they are governed by the Prison Litigation Reform Act (the "PLRA"). 42 U.S.C. § 1997e(a). The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The Supreme Court has interpreted section 1997e(a) to require, prior to filing a lawsuit in court, that the inmate exhaust all available administrative remedies whether the inmate is seeking injunctive relief, monetary damages, or both. Booth v. Churner, 532 U.S. 731 (2001). The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id.

at 741 n.6. Thus, the plaintiff may not bring this action unless he has exhausted all of the administrative remedies available to him through the United States Bureau of Prisons ("BOP").

BOP regulations require an inmate first to attempt an informal resolution of his complaint. 28 C.F.R. § 542.13. If that effort is unsuccessful, an inmate then may seek formal review by the Warden of an issue which relates to any aspect of his confinement. Id. at §§ 542.10, 542.14.

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15.

The Tenth Circuit Court of Appeals recently reiterated the importance of the exhaustion requirement:

> The administrative review by correction officials is intended to reduce the quantity and improve the quality of prisoner suits. It should correct problems in meritorious cases, filter out some frivolous claims, and, in any event, facilitate adjudication by clarifying the contours of the controversy.
>
> Under the plain statutory language and the Supreme Court case law, the substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court.

Steele v. Federal Bureau of Prisons, 335 F.3d 1204, 1207 (10th Cir. December 29, 2003) (citations and internal quotations omitted). Section "1997e(a) gives prisons and their officials a valuable entitlement--the right *not* to face a decision on the merits." Id. at 1212-13 (emphasis in

original) (citations and internal quotations omitted).

The plaintiff filed his informal grievance ("BP-8") on June 18, 2003. *Motion*, Exhibit 1, second through sixth consecutive pages. The informal grievance alleges the following:

Since filing a civil complaint against Officer Jeff Johnson (civil action No. 02-MK-279), the plaintiff has been forced to endure retaliation from ADX officers and officials on many occasions. The plaintiff received cuts and bruises from Correctional Officer Lee for filing the civil complaint against Officer Jeff Johnson. The plaintiff showed his injuries to Officer Shaffer and Lieutenant Walter [sic] and neither of them called health services. Nobody would answer the plaintiff's emergency button. The plaintiff showed his injury to Captain Hughston [sic], SIA Smith, and a lieutenant, but no record was made of the injuries. The plaintiff has informed his unit team members, the "unit #1 officer,"the unit lieutenant," and defendant Duncan of the retaliation.

The plaintiff filed a grievance at the institution level ("BP-9"). *Motion*, Exhibit 1; *Complaint*, Exhibits 9-10. It is unclear whether the informal grievance was attached to the BP-9 at the time the plaintiff filed the BP-9. The BP-9 grievance was assigned No. 304161-F1. Id. The BP-9 alleges that the plaintiff has been the victim of retaliation for filing civil action No. 02-MK-279; he received cuts and bruises from Officer Lee; Officer Lee wrote a false incident report against him; he has informed the proper ADX authorities of the retaliation; and that his complaints have been ignored.

The plaintiff filed a regional level grievance ("BP-10") on July 25, 2003. Id. at *Motion*, eighth consecutive page. The BP-10 alleges that the plaintiff has been forced to endure retaliation, has been assaulted by an officer, and that individuals in the administration are tying

to cover up the wrong doings. Id. The BP-10 form requires that one copy of the completed BP-9 form (including any attachments) be submitted with the BP-10. Id.

The plaintiff filed a grievance at the national level ("BP-11") on August 20, 2003. Id. at tenth consecutive page. The BP-11 alleges that Officer Lee physically assaulted the plaintiff and that ADX officers and officials have done everything in their power to cover up the assault. Id. at tenth consecutive page. The BP-11 form requires that one copy each of the completed BP-9 and BP-10 forms (including any attachments) be submitted with the BP-11. Id.

Assuming that the plaintiff attached all previous grievances to the subsequent grievances, the plaintiff exhausted the following claims in his grievance forms: (1) since filing a civil complaint against Officer Jeff Johnson (civil action No. 02-MK-279), the plaintiff has been forced to endure retaliation from ADX officers and officials on many occasions; (2) the plaintiff received cuts and bruises from Correctional Officer Lee for filing the civil complaint against Officer Jeff Johnson; (3) the plaintiff showed his injuries to Officer Shaffer and Lieutenant Walter [sic] and neither of them called health services; (4) nobody would answer the plaintiff's emergency button; (5) the plaintiff showed his injury to Captain Hughston [sic], SIA Smith, and a lieutenant, but no record was made of the injuries; (6) the plaintiff has informed his unit team members, the "unit #1 officer," the unit lieutenant," and defendant Duncan of the retaliation; (7) Officer Lee wrote a false incident report against the plaintiff; (8) ADX officers and officials are covering up the wrong doings.

The plaintiff has failed to exhaust the following claims that are raised in this action: (1) all allegations of Claim Two regarding the December 11, 2000, incident involving defendant Johnson; (2) Claims Three and Four against defendants Warden Hood and Associate Warden

Duncan for failure to supervise officers at ADX and for allowing the retaliation to occur; (3) Claim Seven against defendant Smith for denying the plaintiff's request to be examined by the health services department; and (4) Claim Nine against defendant Smith for failure to supervise officers at ADX, for allowing the retaliation to occur, and for denying medical treatment to the plaintiff.

The Tenth Circuit Court of Appeals has stated:

> The policies of the PLRA . . . strongly support a reading of that statue that requires inmates to exhaust fully all of their claims before filing in federal court.  If a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice.

Ross v. County of Bernalillo, 365 F.3d 1181, 1190 (10th Cir. 2004).

The plaintiff's Complaint contains numerous unexhausted claims. Therefore, I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of the Complaint for failure to exhaust administrative remedies.

### IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED as follows:

(1) Claim One and the claims against the individual defendants in their official capacities be DISMISSED WITH PREJUDICE; and

(2) The remainder of the Complaint be DISMISSED WITHOUT PREJUDICE for failure to fully exhaust administrative remedies.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo*

review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 29, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge