IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-00731-PSF-BNB

CLINTON TEAGUE,

    Plaintiff,

v.

U.S. GOVERNMENT;
J. JOHNSON;
WARDEN R. HOOD;
ASSOCIATE WARDEN D. DUNCAN;
P. LEE;
P. SHAFFER; and
L. SMITH,

    Defendants.

---

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE
ENTERED JULY 29, 2005**

---

This matter comes before the Court on the Recommendation of the Magistrate Judge entered on July 29, 2005. In his Recommendation, the Magistrate Judge recommends that this Court grant Defendants' Motion to Dismiss filed September 15, 2004 (Dkt. # 32). Defendants seeks dismissal of plaintiff's *pro se* complaint, filed April 14, 2004, in which plaintiff, an inmate at ADX Florence, alleges nine separate claims for relief asserting violations of the Eighth Amendment against him by the United States (first claim) and each of the eight individual prison official defendants listed above (claims two through nine), arising from use of excessive force, alleged mistreatment, retaliation and neglect of plaintiff's medical needs as outlined in the complaint. Voluntary dismissal of the claims against Defendants Hugeston and Walters (claims

five and eight) was requested by plaintiff on December 27, 2004 and granted by this court on December 28, 2004.  Thus only claims one, two, three, four, six, seven and nine remain at this time.

Defendants argue that claim one, alleged against the United States, and the claims against the individual defendants in their official capacities, must be dismissed under the doctrine of sovereign immunity.  Defendants argue that the remaining claims against the individual prison officials in their individual capacities must be dismissed because plaintiff failed to exhaust his administrative remedies as to all the remaining claims.  Defendants further argue that plaintiff's complaint fails to state a claim for excessive force, deliberate indifference to serious medical needs or failure to provide protection (Defendants' Motion at 14-22).

The Magistrate Judge recommended dismissal with prejudice of the first claim, and the claims against the individual defendants sued in their official capacities, finding that sovereign immunity bars a suit for damages against the United States.  He also recommended dismissal of the remaining claims without prejudice pursuant to the doctrine of "total exhaustion" as set forth in *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189-90 (10th Cir. 2004).  Having made these recommendations, the Magistrate Judge did not address defendants' remaining arguments.

On August 25, 2005 Plaintiff filed a Motion for Voluntary Dismissal of his case, requesting that the dismissal be "without prejudice."  For the following reasons, plaintiff's motion is GRANTED in part and DENIED in part.

2

**SOVEREIGN IMMUNITY**

The Court agrees with the defendants and the recommendation of the Magistrate Judge that plaintiff's first claim, and the claims against the individual defendants in their official capacities, are barred by the doctrine of sovereign immunity. Plaintiff's request for relief seeks only the remedies of compensatory and exemplary damages, and interest thereon (Complaint at next-to-last page, numbered 8). For the reasons set forth in the Recommendation of the Magistrate Judge, and based on the cases cited therein, these claims must be dismissed with prejudice.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff's neatly-crafted and easy-to-read complaint alleges exhaustion of administrative remedies and refers to the attached prison administrative forms known as the BP-8, BP-9, BP-10 and BP-11, which reflect administrative appeals through the different levels of the Bureau of Prisons (contained in Exhibits 4 through 14 to Complaint).

The Magistrate Judge found that plaintiff did exhaust his administrative remedies as to a number of the matters and claims appearing in the complaint as he enumerated (Recommendation at 9). The Magistrate Judge found, however, that plaintiff had failed to exhaust his administrative remedies as to claim two of the complaint, which relates to an alleged assault by Defendant Johnson on December 1, 2000; claims three and four, which allege a failure to supervise by Defendants Warden Hood and Associate Warden Duncan, resulting in a failure to prevent retaliation against plaintiff; claim seven against Defendant Smith for denying plaintiff's request for medical treatment; and claim nine

against Defendant Smith for failure to supervise, for denying medical treatment and for allowing retaliation (Recommendation at 9-10).

Although plaintiff alleges exhaustion of his administrative remedies in his Complaint, in his motion for voluntary dismissal now plaintiff seeks dismissal of these claims without prejudice as the Magistrate Judge recommends.

The Court, however, has carefully reviewed the various administrative forms tendered by plaintiff as exhibits to the Complaint. The Court agrees, in part, with plaintiff that he exhausted his administrative remedies as to the allegations in claims seven and nine of his Complaint. The Court, however, agrees with the Magistrate Judge that plaintiff did not exhaust his administrative remedies as to the claims against Defendant Johnson relating to the alleged December 2000 assault, or as to the claims against Defendants Warden Hood and Associate Warden Duncan for alleged failure to supervise and prevent retaliation against plaintiff.

Contrary to the statement contained in the Recommendation of the Magistrate Judge, plaintiff's claim seven alleges a claim against Defendant Shaffer, not against Defendant Smith, for refusal to secure medical treatment (Complaint at pages 6-J through 6-L). In the attachments to his BP-8 form, attached as Exhibits 5 through 8 to the Complaint, plaintiff expressly references Defendant Shaffer several times in connection with a failure to call the prison health services after plaintiff asserted he was injured. The Complaint alleges, and the Magistrate Judge appears to have accepted, that at each level of the administrative process, each of the prior administrative grievances were attached and incorporated therein (Recommendation at 8-9). This Court also accepts that the BP-8 form was attached at each level. Accordingly,

because the BP-8 form expressly references an alleged failure by Defendant Shaffer to refer plaintiff for medical treatment, and because it was attached to the subsequent administrative appeals, it appears that this claim was administratively exhausted.

Similarly, this court also finds that plaintiff's BP-8 form contains a claim against Defendant Smith for failing to take action after being shown plaintiff's injuries on June 12, 2003 (*see* Exhibit 5 to Complaint) and for failing to document the injuries (*see* Exhibit 7 to Complaint).  This administrative claim adequately describes the conduct later alleged in claim nine of the complaint to be a violation of plaintiff's Eighth Amendment rights by Defendant Smith.  Accordingly, since the BP-8 form expressly references a failure by Defendant Smith to refer plaintiff for medical treatment, and a failure to take action on the information, and because the BP-8 was attached to the subsequent administrative appeals, it appears that plaintiff's claims against Defendant Smith were administratively exhausted.

By contrast, the Court finds no mention in plaintiff's BP-8 form of any action taken, or any inaction not taken, by Defendants Hood and Duncan that would support the allegations contained in claims three and four of plaintiff's complaint. The Court finds absolutely no mention of either of these individuals by name in the BP-8 form.  It is true that Warden Hood signed the prison's response to plaintiff's BP-8 form (*see* Exhibit 10 to Complaint).  It is also true that in his BP-10 form plaintiff complains that "individuals in the [prison] administration" are covering up for the officers, which could be inferred to be an allusion to Warden Hood.  *See* Exhibit 11.  However, plaintiff nowhere makes a specific claim in his administrative charges that Warden Hood or Associate Warden Duncan allowed the retaliation allegedly inflicted on plaintiff, or negligently supervised

5

the prison employees so as to allow the retaliation, as plaintiff now alleges in claims three and four of his Complaint against these defendants.  The letters written by plaintiff's attorney to the Assistant United States Attorney, as to which Defendants Hood and Duncan are alleged to have knowledge, were written after plaintiff filed his BP-8 form, and therefore provide no basis to assert inaction on the part of Defendants Hood or Duncan, as plaintiff alleges in his claims three and four.  Accordingly, the Court agrees with the Magistrate Judge that plaintiff has not administratively exhausted his claims against Defendants Hood or Duncan.

Similarly, the Court finds no mention in the BP-8 form of the alleged assault by Defendant Johnson, or the alleged "cover-up" of the assault, as asserted in claim two of the Complaint.  Accordingly, the Court agrees that this claim against Defendant Johnson has not been administratively exhausted.

**THE PROPER REMEDY**

The Magistrate Judge, relying on the Tenth Circuit decision in *Ross, supra*, which sets forth what is known as the rule of "total exhaustion" requiring that all claims contained in a prisoner complaint be administratively exhausted, here recommended dismissal without prejudice of all of plaintiff's remaining claims.  In *Ross, supra,* the Court did state that "the presence of unexhausted claims in Ross' complaint required the district court to dismiss his action in its entirety without prejudice." 365 F.3d at 1189.  The Court also held that "[i]f a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice." *Id.* at 1390.

However, the factual context of the *Ross* case involved a claim by the prisoner of inadequate medical treatment. The Tenth Circuit found that Ross had failed to exhaust his administrative remedies because some of the events relating to his seeking of medical treatment occurred after he filed his administrative complaint on December 1, 1999, that no further administrative complaint was filed, and therefore all of his claims of inadequate medical treatment could not be found to have been administratively exhausted. 365 F.3d at 1188. Rather than permitting piecemeal litigation of claims of inadequate medical treatment, the Tenth Circuit required dismissal without prejudice of the entire case. *Id.* at 1190.

In the instant case, however, plaintiff's administratively unexhausted claims are separate claims asserted against three individual defendants, and are not necessarily inextricably intertwined with the claims against the other individual defendants that have been found to be administratively exhausted. Accordingly, rather than order dismissal without prejudice of the entire case at this time, the Court will allow the plaintiff, if he wishes, to voluntarily dismiss without prejudice the claims against Defendants Johnson, Hood and Duncan, and proceed with his remaining claims against the other individual defendants. Although such a procedure does not appear to have been contemplated in *Ross, supra,* the Tenth Circuit has recently indicated its apparent approval of such an approach. *See Dawson v. Taylor*, 128 Fed. Appx. 677, 679 (10th Cir., April 7, 2005) ("[T]he district court may give Mr. Dawson an opportunity to voluntarily dismiss his unexhausted claims and proceed with his exhausted claims."). If the plaintiff does not file a notice so indicating his willingness to dismiss claims two, three and four of his Complaint by September 22, 2005, the Court will dismiss those claims and the

7

remaining claims without prejudice under the precedent of *Ross.* Alternatively, if plaintiff wishes, as expressed in his motion of August 25, 2005 to dismiss the remaining claims without prejudice, he should re-file his motion requesting dismissal of all remaining claims without prejudice as well.

**THE REMAINING CLAIMS**

The Magistrate Judge, having found that plaintiff's failure to exhaust administrative remedies should result in a dismissal of all claims, did not reach defendants' arguments that plaintiff's Complaint fails to state a claim of relief as against each defendant. As this case may continue if plaintiff voluntarily dismissed claims two, three and four, the other claims would remain. Accordingly the Court will address defendants' arguments under Rule 12(b)(6), F.R.Civ.P.

In claim six, plaintiff essentially alleges that on May 23, 2003 Defendant Lee maliciously used excessive force while placing plaintiff in restraints in retaliation for plaintiff having filed a lawsuit against a prison guard, and subsequently denied plaintiff's request for medical treatment. Plaintiff alleges that the handcuffs were placed on him so tightly that they cut his hands and left his wrist in a great deal of pain (Complaint at ¶¶ 36-37). Plaintiff also alleges that Defendant Lee took these action out of "pure malice" against plaintiff, apparently because he had filed a suit against Defendant Lee's fellow officer, Johnson (Complaint at ¶¶ 38-39). These averments, which this court must accept as true at this stage of the case for purposes of ruling on a motion to dismiss, arguably allege more than *de minimis* or "minor" injuries" willfully inflicted at the hands of a prison guard and therefore state a claim for relief under the Eighth

8

Amendment.  *See Hudson v. Mcmillian*, 503 U.S. 1, 9-10 (1992).    The claim against Defendant Lee will not be dismissed at this juncture under Rule 12 for failure to state a claim.

In claim seven, as noted above, plaintiff alleges that Defendant Shaffer disregarded his request for access to medical attention and did so in part out of a retaliatory motive.  Although it is unclear from plaintiff's allegations whether his medical condition posed an excessive risk to his health which Defendant Shaffer may have deliberately disregarded, or even whether Defendant Shaffer failed to report the plaintiff's injuries,[1] plaintiff does allege that Shaffer acted out of a motive to "cover up" the alleged assault inflicted by Defendant Lee.  Such malicious motive, if proven, may satisfy the test of deliberate indifference as described in *Farmer v. Brennan,* 511 U.S. 825, 835-36 (1994).  This claim cannot be dismissed at the pleading stage for failure to state a claim.

In claim nine, plaintiff alleges that Defendant Smith failed to supervise the prison employees so as to protect him from retaliation at the hands of the prison guards, and took no action to investigate his claims of retaliation.  He further alleges that Smith also failed to refer him for medical treatment.

In *Verdecia v. Adams*, 327 F.3d 1171 (10th Cir. 2003), the court stated that to defeat a motion for summary judgment a prisoner alleging a claim for failure to protect him from fellow prisoners "'must show that he is incarcerated under conditions posing

---

[1] At paragraphs 45 and 46 of his Complaint, plaintiff appears to allege that Defendant Shaffer did notify Supervisory Lieutenant Walters of plaintiff's injuries, but not the health service.

9

a substantial risk of serious harm' the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." 327 F.3d at 1175 quoting from *Benefield v. McDowell*, 241 F.3d 1267, 1271 (10th Cir. 2001). Here, on a motion to dismiss, the inmate must at least allege such elements of his claim.

Plaintiff asserts that Defendant Smith was aware that he had filed a suit against Officer Johnson based on the alleged assault in December 2000, that he was "aware of the possibility of retaliation from officers and officials" at the prison because of that case, that he failed to supervise the investigative unit, that he was aware of "ongoing retaliation" against plaintiff because he had filed administrative complaints, and yet did not take action contrary to prison policy (Complaint at ¶¶ 59-62, 68). Whether or not plaintiff can prove such allegations remains to be seen, but on the present state of the record this Court cannot state as a matter of law that plaintiff has failed to allege a claim against Smith for failure to protect him from the prison officials.

Plaintiff also alleges that Defendant Smith "denied" him "medical treatment" after being shown plaintiff's injuries, and did not file a report as required by prison policies. (Complaint at ¶¶ 66, 68). However, plaintiff does not allege why Defendant Smith did so, unlike his claim against Defendant Shaffer in which plaintiff alleges a retaliatory motive. Accordingly, the ninth claim against Defendant Smith is dismissed to the extent it alleges a claim for deliberate indifference to plaintiff's medical needs, but the claim is allowed to the extent it alleges a failure to protect under the Eighth Amendment.

**CONCLUSION**

Defendants' Motion to Dismiss (Dkt. # 32) is GRANTED with respect to plaintiff's first claim, and as to all claims alleged against the individual defendants in their official

capacities, by reason of the application of sovereign immunity, and those claim are DISMISSED with prejudice.

Defendants' Motion to Dismiss all remaining claims for failure to exhaust administrative remedies will be granted, and those claims will be dismissed without prejudice, unless prior to September 22, 2005, plaintiff voluntarily dismisses claims two, three and four of the Complaint.

If plaintiff voluntarily dismisses claims two, three and four of the Complaint, the Defendants' Motion to Dismiss will be DENIED as to the plaintiff's sixth and seventh claims.

The Defendants' Motion is GRANTED as to the ninth claim to the extent it alleges a claim against Defendant Smith for deliberate indifference to plaintiff's medical needs, but is DENIED as to the claim against Defendant Smith for failure to protect plaintiff in violation of the Eighth Amendment.

Plaintiff's Motion for Voluntary Dismissal filed August 25, 2005 (Dkt. # 60) is granted in part and denied in part.

DATED:  August 26, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge

11