IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-00731-PSF-BNB

CLINTON TEAGUE,

      Plaintiff,

v.

U.S. GOVERNMENT;
J. JOHNSON;
WARDEN R. HOOD;
ASSOCIATE WARDEN D. DUNCAN;
P. LEE;
P. SHAFFER; and
L. SMITH,

      Defendants.

---

## ORDER DENYING MOTION AND DISMISSING REMAINING CLAIMS

---

This matter comes before the Court pursuant to the Court's Order of August 26, 2005, and plaintiff's response thereto filed September 22, 2005 (Dkt. # 62).

In the above-referenced Order the Court granted Defendants' Motion to Dismiss (Dkt. # 32) with respect to plaintiff's first claim, as to all claims alleged against the individual defendants in their official capacities by reason of the application of sovereign immunity, and as to the ninth claim to the extent it alleged a claim against Defendant Smith for deliberate indifference to plaintiff's medical needs, and those claims were dismissed at that time.

The Court further found that plaintiff had not exhausted his administrative remedies as to claims two, three and four of the Complaint, but deferred entering

a final ruling on Defendants' Motion to Dismiss the remaining claims pursuant to the

doctrine of failure of complete exhaustion as set forth in *Ross v. County of Bernalillo*,

365 F.3d 1181, 1189-90 (10th Cir. 2004), allowing plaintiff until September 22, 2005 to

voluntarily dismisses claims two, three and four of the Complaint and proceed to trial

with his remaining claims (claims six, seven and the remaining part of the ninth claim)

if he so desired.  Specifically, the Court stated: "If the plaintiff does not file a notice so

indicating his willingness to dismiss claims two, three and four of his Complaint by

September 22, 2005, the Court will dismiss those claims and the remaining claims

without prejudice under the precedent of *Ross.*" Order at 7-8.

Plaintiff has failed to voluntary dismiss claims two, three and four.  Rather, on

September 22, 2005, plaintiff filed a pleading captioned "Motion For Mortification (sic)

And/Or Amend the Complaint Under Rule 15© of Federal Rules of Civil Procedure,

Motion To Consolidate Cases and Name Other Defendants And Redo Whole

Complaint, Defendants Should Not be Dismissed from Complaint."  (Dkt. # 62).

The essence of plaintiff's motion is that he requests this Court to consolidate two

other separate cases he has filed, Civil Action No. 05-cv-00939-PSF-BNB  and Civil

Action No. 05-cv-01532-OES, with the instant case.  He further requests the Court

not to dismiss the claims in the instant case against Defendants Hood, Duncan and

Johnson (claims two, three and four) as to which this Court has already found a failure

to exhaust administrative remedies.  He further requests leave to amend the complaint

but does not specify what amendments he proposes to make.

The Court has reviewed the complaint in Civil Action No. 05-cv-00939-PSF-BNB,

2

which has been assigned to the undersigned judge, and the complaint in Civil Action No. 05-cv-01532-OES, which has not yet been drawn to a judge, and finds that these other complaints allege claims against different several defendants who are not defendants in the above case, allege events that occurred at different times than the events alleged in the above case, and involve different claims than alleged in the above case.  Accordingly, the Court does not find under Rule 42(a), F.R.Civ.P., that the actions involve common questions of law and fact, and therefore DENIES plaintiff's request to consolidate the three cases.

The Court also DENIES plaintiff's request to not dismiss the claims asserted against Defendants Hood, Duncan and Johnson (claims two, three and four) as the Court has already found a failure to exhaust administrative remedies as to those claims, and plaintiff has made no showing to the Court to suggest that the ruling was not correct.

The Court also DENIES plaintiff's request to amend the complaint in this case, as no showing has been made under Rule 15, F.R.Civ.P., that good grounds exist for amending the complaint.  Accordingly, plaintiff's Motion filed September 22, 2005 (Dkt. # 62) is DENIED in its entirety.

Furthermore, since plaintiff has failed to dismiss claims two, three and four, and in fact has indicated a disinclination to dismiss those claims and proceed to trial with his other claims that have satisfied the requirement of exhaustion of administrative remedies as the Court invited plaintiff to do, the Court finds that the doctrine of complete exhaustion must be applied here.

Accordingly, all of plaintiff's remaining claims (claims two, three, four, six, seven and nine) are hereby DISMISSED without prejudice under the doctrine of failure of complete exhaustion as set forth in *Ross, supra*.  All of plaintiff's claims are now dismissed and this case is administratively closed.

DATED: September 26, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge